**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **Chenghao Xie**,<br><br>Plaintiff,<br><br>vs.<br><br>**UNITED STATES CITIZENSHIP & IMMIGRATION SERVICES**<br>Office of the General Counsel<br>U.S. Department of Homeland Security<br>Mail Stop 3650<br>Washington, DC 20528,<br><br>**KELLY, John**, Secretary,<br>U.S. Dept. of Homeland Security<br>Office of the General Counsel<br>U.S. Department of Homeland Security<br>Mail Stop 3650<br>Washington, DC 20528,<br><br>**MCCAMENT, James**, Director,<br>U.S. Citizenship & Immigration Services<br>20 Massachusetts Avenue<br>Washington, D.C. 20528,<br>and<br><br>**NEUFELD, Donald**, Associate Director,<br>U.S. Citizenship & Immigration Services, Service Center Operations Directorate<br>20 Massachusetts Avenue,<br>Washington, D.C. 20529-2090,<br><br>Defendants. | Case No. ________________<br><br>**COMPLAINT TO COMPEL AGENCY ACTION AND MANDAMUS** |

**COMPLAINT TO COMPEL AGENCY ACTION AND MANDAMUS**

Plaintiff Chenghao Xie ("Plaintiff"), by and through the undersigned counsel, respectfully brings this Complaint for Writ of Mandamus, pursuant to 28 U.S.C. § 1361, and requests an order to compel Defendants UNITED STATES CITIZENSHIP AND

IMMIGRATION SERVICES ("USCIS"), John KELLY, James MCCAMENT, and Donald NEUFELD (collectively, "Defendants"), to adjudicate Plaintiff's Form I-485 Application to Register Permanent Residence or Adjust Status (Case Number SRC1190245811). In support thereof, Plaintiff alleges and states as follows:

**INTRODUCTION**

This is a civil action brought to redress the deprivation of rights, privileges, and immunities secured to Plaintiff and to compel Defendants, as officers of the United States, to perform their duties owed to Plaintiff. Plaintiff is the son of Yanling "Stuart" Zhang. An I-140 Multinational Manager (EB1(c)) Petition and I-485 Applications for Mr. Zhang and his family, including Plaintiff, were filed with the Texas Service Center. After many years of adjudication, requests for evidence, and finally a lawsuit brought by the I-140 petitioner, Amoseastern Apparel Inc. (Complaint, Amoseastern Apparel Inc. v. U.S. Citizenship & Immigration Services, No. 1:16-cv-01266-RJL (D. D. C. dismissed September 1, 2016)), the I-140 Petition for Mr. Zhang was approved on August 30, 2016. On October 26, 2016, Mr. Zhang's I-485 application was approved and his permanent resident card was issued. Nevertheless, Plaintiff's I-485 application has not been adjudicated. USCIS has published that it's Texas Service Center is currently processing Form I-485 Applications based on employment in approximately four months, but it has yet to adjudicate Plaintiff's I-485 Application filed on June 30, 2011, which has now been pending for nearly six years.

Defendants' inaction has caused Plaintiff significant injuries. Plaintiff has tried to secure certain immigration benefits including permanent residence offered by the U.S. Congress to family members of multinational executives and managers. Defendants' failure to perform

their clear duty to adjudicate Plaintiff's Form I-485 Application filed nearly six years ago is unreasonable, and Plaintiff is entitled to relief as set forth below.

## JURISDICTION

**1.** This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 (federal question jurisdiction) because Plaintiff's claims arise under the laws of the United States, specifically the Immigration and Nationality Act ("INA"), related agency regulations, and the Administrative Procedure Act ("APA")) 5 U.S.C. §§ 551(13), 555(b), 702, 706(1).

**2.** This Court also has jurisdiction pursuant to 28 U.S.C. § 1361 ("Mandamus Act") ("The District Courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to a plaintiff").

**3.** There are no administrative remedies available to Plaintiff to redress the grievances described herein. This action challenges the failure of Defendants to adjudicate Plaintiff's Form I-485 Application in a reasonable time and does not challenge any discretionary act by Defendants. The action does not challenge the granting or denial of an individual application or petition. Therefore, the jurisdictional limitations of INA § 242, 8 U.S.C. § 1252, do not apply.

**4.** Costs and attorney's fees will be sought pursuant to the Equal Access to Justice Act. 5 U.S.C. § 504 and 28 U.S.C. §2412(d), *et seq.*

## VENUE

**5.** Venue properly lies in the District of the District of Columbia pursuant to 28 U.S.C. § 1391(e)(1)(A) and (B), as this is an action against officers and employees of the United States acting in their official capacities, brought in the district where one of the

Defendants resides and/or where a substantial part of the events or omissions giving rise to the claim occurred. Defendants Kelly, McCament, and Neufeld perform a significant amount of their official duties and maintain their offices in the District of Columbia.

**PARTIES**
**Plaintiff**

**6.** Plaintiff, Chenghao Xie, is a Chinese citizen and the son of Yanling "Stuart" Zhang.

**7.** Mr. Zhang, also a Chinese citizen, established Amoseastern Apparel Inc., a New York corporation with its principal place of business in New York City, New York, and is the company's sole shareholder. Mr. Zhang's I-140 Petition based on his employment by Amoseastern Apparel Inc. was approved on August 30, 2016. On October 26, 2016, Mr. Zhang's I-485 Application was approved and his permanent resident card was issued.

**8.** Plaintiff concurrently filed an application for adjustment of status along with his father's I-140 Petition and requested he be granted lawful permanent resident status upon approval of his father's I-140 Petition.

**Defendants**

**9.** Defendant USCIS is the agency responsible for adjudicating I-485 Applications. Plaintiff's Form I-485 Application is pending with the USCIS Texas Service Center. USCIS maintains the ultimate responsibility within the federal government for adjudicating Form I-485 Applications, such as Plaintiff's.

**10.** Defendant Donald Neufeld is the Associate Director of the USCIS Service Center Operations Directorate, whose office is in Washington, D.C. He is sued in his official capacity. As the Associate Director of USCIS Service Center Operations Directorate, he has the ultimate responsibility within his office for the adjudication of Plaintiff's I-485 Application.

**11.** Defendant James McCament is the Director of USCIS, a subdivision of the Department of Homeland Security ("DHS"). He is sued in his official capacity. In his capacity as Director, he has the ultimate responsibility within USCIS for adjudicating Plaintiff's I-485 Application in a reasonable time.

**12.** Defendant John Kelly is the Secretary of DHS. He is sued in his official capacity. As the Secretary of DHS, he has ultimate responsibility for agencies within DHS including USCIS. In his capacity as Secretary, he oversees the actions and has ultimate responsibility for the actions of USCIS officers in adjudicating Plaintiff's I-485 Application.

**EMPLOYMENT-BASED IMMIGRATION FOR MULTINATIONAL EXECUTIVES AND MANAGERS AND THEIR SPOUSE AND CHILDREN**

**13.** The Immigration and Nationality Act ("INA") section 203(b)(1)(C), 8 U.S.C. § 1153(b)(1)(C), establishes a preference allocation of visas for certain workers employed by multinational companies who, in the three years prior to the filing of their I-140 Petitions, worked abroad for at least one year for a company or affiliate, branch, or subsidiary of a company in a managerial or executive position, and then seek to enter the United States to continue to work for the same company or an affiliate, branch, or subsidiary in a managerial or executive capacity.

**14.** Through this program, a qualified multinational executive's or manager's spouse and unmarried children under age 21 may obtain lawful permanent residence under INA section 203(d), 8 U.S.C. § 1153(d).

**15.** USCIS will approve the application if the evidence submitted establishes eligibility, except where the applicable statute or regulations makes approval of an application a matter entrusted to USCIS' discretion. 8 C.F.R. § 103.2(b)(8)(i). If approval of an application is entrusted to USCIS' discretion, then USCIS will approve the application

only if the evidence of record establishes both eligibility and that a favorable exercise of discretion is warranted. 8 C.F.R. § 103.2(b)(8)(i). The decision to grant or deny an I-485 Application is discretionary, but there is a non-discretionary duty to adjudicate the I-485.

**16.** According to the regulations, if initial evidence submitted with Plaintiff's Form I-485 Application does not establish eligibility, USCIS may either: 1) deny the application for ineligibility; 2) request more information or evidence, which must be submitted within a specified time determined by USCIS; or 3) notify the applicant of its intent to deny the application and the basis for the proposed denial, and require that the applicant respond within a specified period of time. 8 C.F.R. § 103.2(b)(8)(iii).

**17.** Section 555(b) of the Administrative Procedure Act requires that "[w]ith due regard for the convenience and necessity of the parties or their representatives and *within a reasonable time*, each agency *shall proceed* to conclude a matter presented to it." 5 U.S.C. § 555(b) (emphasis added). A violation of the agency's duty to resolve matters within a reasonable time is a sufficient basis for mandamus relief. *See e.g. Sierra Club v. Thomas*, 828 F.2d 783, 797 (D.C. Cir. 1987). Moreover, § 1572, included in the Immigration Services and Infrastructure Improvements Act of 2000, provides that as a policy, "[i]t is the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application . . . ." 8 U.S.C. § 1571(b).

**18.** A standard for reasonable processing time can be informed by (1) the 180 days contemplated by Congress in 8 U.S.C. § 1571, and (2) current USCIS processing times. *Mohamed v. Dorochoff et al.*, No. 11C1610, 2011 WL 4496228, *5 (N.D. Ill. Sept. 22, 2011).

**19.** The latest figures from USCIS, as of April 18, 2017, reflect that the Texas Service Center, where Plaintiff's I-485 is pending, is currently processing I-485 Applications

based on employment in about four months. In other words, as of mid-April 2017, on average the Texas Service Center has finalized the processing of employment-based I-485 Applications filed around December 21, 2016. Attached hereto as **Exhibit A** is a genuine and complete copy of the current processing times for I-485 Applications filed with the USCIS Texas Service Center as of April 18, 2017.

**20.** USCIS received Plaintiff's Form I-485 Application and filing fee on June 30, 2011. Attached hereto as **Exhibit B** is a genuine and complete copy of the I-797 Receipt Notice issued by Defendants confirming receipt of Plaintiff's I-485 Application on June 30, 2011.

**21.** USCIS approved Plaintiff's father's I-140 Petition on August 30, 2016. Attached hereto as **Exhibit C** is a genuine and complete copy of Plaintiff's father's I-140 approval.

**22.** On October 26, 2016, USCIS approved Plaintiff's father's I-485 Application and issued his permanent resident card. Attached hereto as **Exhibit D** is a genuine and complete copy of Plaintiff's father's I-485 approval and permanent resident card.

**23.** On November 11, 2016, Plaintiff submitted an inquiry with USCIS' National Customer Service Center about his pending I-485 Application. Plaintiff received a response on November 28, 2016 indicating that USCIS had to perform additional review and Plaintiff should receive a decision or notice of further action within 60 days. Attached hereto as **Exhibit E** is a genuine and complete copy of the response received.

**24.** Plaintiff submitted a second inquiry on January 11, 2017. On January 21, 2017, Plaintiff received a response indicating that Plaintiff should receive a decision or notice of further action within 60 days. Attached hereto as **Exhibit F** is a genuine and complete copy of the response received.

**25.** Plaintiff's Form I-485 Application was filed on June 30, 2011, well before the current average December 2016 processing date as posted on USCIS' website. *See* **Exhibits A -B**. Plaintiff's Form I-485 Application has been pending in excess of four months; indeed, it has been pending nearly six years.

**26.** Plaintiff is eligible for adjustment of status and has satisfied the requirements for filing the Form I-485 Application, including demonstrating his qualifying relationship with his father, the beneficiary of the approved I-140 Petition, and providing the appropriate filing fee to USCIS.

**27.** Defendants owe a non-discretionary duty to Plaintiff to adjudicate Plaintiff's Form I-485 Application in a reasonable time.

**28.** Defendants have violated that duty.

**29.** Defendants' failure to adjudicate Plaintiff's Form I-485 Application unlawfully deprives Plaintiff of immigration benefits that he is entitled to pursue.

**30.** Defendants' unreasonable delay in adjudicating Plaintiff's Form I-485 Application has had a substantial negative impact on the welfare of Plaintiff.

**31.** Expediting the delayed adjudication of the Form I-485 Application would have no adverse effect on agency activities of a higher or competing priority.

**FIRST CAUSE OF ACTION**
**(Violation of the APA 5 U.S.C. § 706(1)**
**Unlawfully Withholding or Unreasonably Delaying Agency Action)**

**32.** Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 31 of this Complaint as if fully set forth herein.

**33.** Defendants have a non-discretionary duty to conclude a matter presented to it within a reasonable time. 5 U.S.C. § 555(b).

**34.** Defendants have failed and/or refused to adjudicate Plaintiff's case even though more than a reasonable time has passed since the filing of his application.

**35.** Plaintiff does not have any administrative remedies available to him aside from the application process about which he is now complaining.

**36.** The APA requires federal courts to compel agency action that is unlawfully withheld and/or unreasonably delayed. 5 U.S.C. § 706(1).

## SECOND CAUSE OF ACTION
## Mandamus Act, 28 U.S.C. § 1361

**37.** Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 36 of this Complaint as if fully set forth herein.

**38.** As an alternative basis for jurisdiction and compelling government officials to act, Plaintiff relies on the Mandamus Act, 28 U.S.C. § 1361.

**39.** Mandamus is a remedy available for extreme agency delay where the agency has not performed a mandatory action. 28 U.S.C. § 1361.

**40.** Mandamus relief is appropriate in this case, where Defendants owe a clear non-discretionary duty to Plaintiff to adjudicate his Form I-485 Application in a reasonable time, and Defendants have been derelict in this duty.

**41.** Defendants' failure to adjudicate the I-485 Application for nearly six years is a case of extreme agency delay.

**42.** Defendants owe Plaintiff a duty to act upon the I-485 Application and have unreasonably failed to perform that duty.

**43.** Plaintiff has exhausted any administrative remedies that may exist. Plaintiff has no other remedy for relief except to compel Defendants to adjudicate his Form I-485 through mandamus.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectively asks this Court to:

A. Compel Defendants and those acting under them to perform their duty to adjudicate the I-485 Application owed to Plaintiff;

B. Issue a writ of mandamus compelling Defendants and those acting under them to perform their duties and complete the adjudication of Plaintiff's Form I-485;

C. Grant reasonable attorney's fees and costs of court pursuant to the Equal Access to Justice Act; and

D. Grant such other and further relief as this Court deems proper and just under the circumstances.

Dated: May 9, 2017

Respectfully submitted,

/s/ J. David Folds
J. David Folds, Bar No. 449791
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
901 K Street NW, Suite 900
Washington, D.C. 20001
T 202.508.3400 / F 202.508.3402
dfolds@bakerdonelson.com

and

Robert C. Divine *
(*pro hac* vice admission pending)
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
633 Chestnut Street
1800 Republic Centre
Chattanooga, TN 37450
(423) 752-4416- Telephone
(423) 752-9533- Facsimile
rdivine@bakerdonelson.com

*Attorneys for Plaintiff*